# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SMITH, on behalf of himself and all other current and former nonexempt employees, and the general public,<br>        Plaintiff,<br><br>        v.<br><br>MV TRANSPORTATION, INC., a California Corporation; MV PUBLIC TRANSPORTATION, INC., a California Corporation; and DOES 1 through 50, inclusive,<br>        Defendants. | 2:25-cv-08689-DSF-E<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 13) |

  Defendants MV Transportation, Inc. and MV Public Transportation, Inc. removed this case from Los Angeles Superior Court based on federal question jurisdiction. Dkt. 1 (NOR). Plaintiff Joseph Smith moves for remand. Dkt. 13 (Mot.). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Background

  Smith was employed as a bus driver by MV Transportation, Inc. from approximately April 1, 2023 through August 1, 2024. Dkt. 1-2 (Compl.) ¶ 8-9. Smith was an hourly employee. Id. ¶ 8. He was a member of the Amalgamated Transit Union, Local 1575, AFL-CIO (the Union) and the terms and conditions of his employment were covered

by a collective bargaining agreement (CBA) between MV Transportation, Inc. and the Union.  Dkt. 1-1, Ex. A.  Smith alleges he performed off-the-clock work, before and after his shift, for which he was not paid.  Compl. ¶¶ 9-13.  He states he was required to report to the facility, retrieve schedules, and complete pre-trip inspections before his shift.  Id. ¶ 9-10.  He estimates unpaid, pre-trip duties could take 15 to 30 minutes each day.  Id. at 10.  Smith also estimates he performed five to ten minutes of unpaid work after clocking out, including uploading bus schedules and timesheets.  Id. ¶¶ 11-13.  He alleges he was not provided with uninterrupted meal periods of at least 30 minutes for each five hours worked, nor was he provided with rest periods of 10 minutes for each four-hour work period.  Id. ¶¶ 14-17.  Smith also alleges he was not reimbursed for business expenses incurred by using his own personal cell phone, not paid two times the minimum wage for all hours worked, and not provided with accurate wage statements.  Id. ¶¶ 18-26.

Smith brings this lawsuit on behalf of himself and other similarly situated employees of MV Transportation, Inc.  He asserts a single cause of action under California's Private Attorneys General Act (PAGA) and seeks civil penalties (Cal. Lab. Code §§ 2698, et seq.) for violations of the California Labor Code, including: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay overtime wages; (4) failure to pay all minimum wages owed; (5) failure to reimburse business expenses; (6) failure to provide accurate, itemized wage statements; and (7) failure to pay all wages upon termination.  Id. ¶¶ 27-32.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).

2

"The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject matter jurisdiction, the suit must be remanded. 28 U.S.C. § 1447(c). Generally, doubts as to removability are resolved in favor of remanding the case. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III. Judicial Notice

The Court GRANTS Defendants' unopposed request for judicial notice of the following documents: (1) The CBA between Defendants and Amalgamated Transit Union, Local 1575, AFL-CIO for the period January 25, 2022, through December 31, 2024, dkt. 1-1, Ex. A (CBA); (2) the Memorandum of Agreement between Defendants and the Union for the period January 1, 2024 to December 31, 2028, dkt. 1-1, Ex. B (Memorandum of Agreement); and (3) The Letter of Understanding between Defendants and the Union for the period January 1, 2022, through December 31, 2028, dkt. 1-1, Ex. C (Letter of Understanding). Courts routinely take notice of CBAs when deciding whether to dismiss state law claims that may be subject to preemption by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. See Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1193 (C.D. Cal. 2015) ("Because the 2015 CBA forms the basis for Live Nation's argument that certain of plaintiffs' claims are completely preempted by the LMRA, the court can consider it in deciding the motion."); see also McGhee v. Tesoro Ref. & Mktg. Co. LLC, 440 F. Supp. 3d 1062, 1066 n.1 (N.D. Cal. 2020) (taking judicial notice of CBA for purposes of evaluating motion to dismiss).

### IV. Discussion

District courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint

rule, . . . federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[N]ormally, federal preemption is a defense that does not authorize removal to federal court." Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1152 (9th Cir. 2019). However, the Ninth Circuit has held that preemption under § 301 of the LMRA is an exception to the well-pleaded complaint rule. Id. Section 301 has "'such extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim.'" Id. (quoting Metro. Life Ins. v. Taylor, 481 U.S. 58, 65 (1987)). "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." Id.

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." Curtis, 913 F.3d at 1151 (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985)).

The Ninth Circuit has devised a two-step test to determine if a claim is preempted by § 301. First, the district court "ask[s] whether the asserted cause of action involves a right that exists solely as a result of the CBA." Curtis, 913 F.3d at 1152 (cleaned up). "If so, 'then the claim is preempted, and [the] analysis ends there.'" Id. at 1153 (quoting Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007)). The second step asks "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." Id. (quoting Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016)). Interpretation, in this context, is defined narrowly and "it means something more than

4

'consider,' 'refer to,' or 'apply.'" Matson v. United Parcel Serv., Inc., 840 F.3d 1126, 1132 (9th Cir. 2016). "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). Further, "'[i]f the claim is based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.'" Matson, 840 F.3d at 1132 (quoting Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 591 (9th Cir. 2001) (en banc)).

### A.   Preemption of Overtime Pay Violations

Smith alleges failure to pay overtime wages under Section 510 of the California Labor Code. Compl. ¶¶ 11, 28, 32. Cal. Lab. Code § 510(a) provides a premium rate of pay for work in excess of eight hours in one workday or 40 hours in one workweek. Cal. Lab. Code § 510(a). However, it contains an exception for workers subject to an "alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Cal. Lab. Code § 510(a)(2). Section 514 provides criteria for a qualifying CBA:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.

The Ninth Circuit has held that, where the section 514 exemption applies, the "right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301." Curtis, 913 F.3d at 1154. Therefore, if the CBA meets the requirements outlined in Cal. Lab. Code § 514, Smith's right to overtime pay exists solely as a result of the

CBA rather than state law, and the claim is preempted under § 301 of the LMRA.

Defendants supplied the CBA, extension agreement, and side letter agreement with their Notice of Removal. Dkt. 1-1, (Bossaller Decl.), Exs. A-C. Defendants assert that the section 514 exemption requirements are met, and Smith does not dispute that the text of the CBA and associated agreements provide for wages, hours of work, working conditions, and premium rates of overtime pay of not less than 30 percent more than the state minimum wage. See id., Ex. A; Mot. at 6-8. The Court finds the CBA meets the requirements for exemption under section 514.

Smith instead challenges the application of section 514 for three reasons, none of which are availing. First, Smith asserts that "the right to be paid at least minimum wage for all hours worked is a non-waivable statutory right" that cannot be bargained away by the CBA. Mot. at 6. But Smith confuses the merits of his claim with the section 514 exemption analysis, alleging the off-the-clock work he was expected to perform means the CBA does not meet section 514's requirements. Id. Smith makes no specific allegations that the CBA itself states a requirement for off-the-clock work not subject to a minimum wage. The relevant inquiry is whether the CBA—not the Defendants' alleged practice—satisfies section 514's criteria. See Curtis, 913 F.3d at 1154-55 (finding the plaintiff's claim was exempted from section 510 where the CBAs met the requirements outlined in section 514).

Second, Smith argues the Defendants did not sufficiently show in their Notice of Removal that the hourly pay rate of at least 30% over minimum wage in the CBA applied to "all aggrieved employees" for the entire period at issue. Mot. at 6-7. Smith claims that, because the additional 30% was applied retroactively for some employees under the CBA, Defendants were not in compliance for the relevant period and the exemption does not apply. Id. Smith offers no support for his assertion that retroactive wage increases are insufficient to meet section 514's requirements. Defendants acknowledge that on September 10, 2025 they increased hourly wage rates for service

6

workers, fuelers, and cleaners retroactively to January 1, 2022. Dkt. 17 (Opp'n) at 11; see Letter of Understanding. Courts, however, have found retroactive wage agreements to be sufficient to meet the required base rate of pay of 30% over minimum wage for similar Labor Code exemptions. See Allmaras v. Univ. Mech. & Eng'g Contractors, Inc., No. 24-CV-02021-GPC-SBC, 2025 WL 454713, at *6 (S.D. Cal. Feb. 11, 2025) (finding a CBA with retroactive effect governed the plaintiff's employment during the relevant period) (collecting cases).

Finally, Smith argues that whether he performed uncompensated work may be resolved using state law definitions. Mot. at 7. But the section 514 exception applies, so the CBA—not state law—governs Smith's claim for minimum wage or overtime compensation. See Curtis, 913 F.3d at 1154 (finding "if a CBA satisfies the requirements of section 514, the requirements of section 510(a) do not apply" and "an employer is required to pay only for overtime as defined by a qualifying CBA").

Because the CBA under which Smith was employed satisfies the requirements of section 514, the right to overtime pay exists solely as a result of the CBA. Therefore, under the Ninth Circuit test outlined in Curtis, Smith's claim is completely preempted by § 301 of the LMRA and the Court has federal question jurisdiction over the overtime claim.

## B.   Supplemental Jurisdiction

Smith's PAGA claim asserts other violations of the California Labor Code, including (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay all minimum wages owed; (4) failure to reimburse business expenses; (5) failure to provide accurate, itemized wage statements; and (6) failure to pay all wages on termination. Compl. ¶ 1.[1] A district court may assert supplemental

---

[1] Defendants allege Smith's meal period, rest period, and minimum wage claims are also preempted by § 301 of the LMRA. Opp'n at 15-17. Because the Court finds it has supplemental jurisdiction over those claims, it need not

jurisdiction over claims that "form part of the same case or controversy" over which the court has original jurisdiction. 28 U.S.C. § 1367(a). Here, the violations underlying Smith's single PAGA claim all arise from allegations that job duties and expectations meant MV Transportation, Inc. employees were required to perform unpaid work and miss meal and rest periods. See Compl. ¶¶ 9-26. The state law claims are based on the same facts and circumstances as the federal claim, and the Court finds it is appropriate to maintain supplemental jurisdiction over them.

## V. Conclusion

For the forgoing reasons, the Court DENIES Smith's motion to remand.

IT IS SO ORDERED.

Date: November 25, 2025

_____
Dale S. Fischer
United States District Judge

---

address whether those violations are preempted for the purpose of asserting subject matter jurisdiction.